988 F.2d 1280
 300 U.S.App.D.C. 322
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Pierce Samuel JOHNSON, Appellant.
 No. 92-3021.
 United States Court of Appeals, District of Columbia Circuit.
 March 5, 1993.
 
 Appeal from the United States District Court for the District of Columbia; Cr. No: 91-0460.
 DDC
 AFFIRMED.
 Before HARRY T. EDWARDS, D.H. GINSBURG and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was heard on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). On consideration thereof, it is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction is affirmed and the request for a new trial is denied.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b).
 
 MEMORANDUM
 
 4
 Pierce Samuel Johnson appeals his conviction for possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm the conviction, and deny his request for a new trial.
 
 
 5
 On July 23, 1991, Agent Gerald Crispino of the Immigration and Naturalization Service approached appellant Pierce Samuel Johnson and his companion, Yvette Romero, on a train stopped at Union Station in Washington, D.C. Johnson and Romero gave Crispino permission to search their bags. Crispino found clothing and cookies. Behind their bags, Crispino found a knapsack, which neither Johnson nor Romero claimed. Inside the knapsack, Crispino found the same kind of cookies--and over 79 grams of crack cocaine. Johnson and Romero were arrested, and charged with possession with intent to distribute fifty grams or more of cocaine base.
 
 
 6
 Romero later agreed to talk with police and implicate Johnson. She gave a written statement claiming that Johnson had obtained the drugs, and put them in the knapsack. Romero also answered "NO" to the question, "[D]o you know of any drug dealing by [Johnson]?" Defendant's Exhibit No. 6, reprinted in Joint Appendix ("J.A.") 81. Romero testified against Johnson at trial; a jury found him guilty, and the District Court sentenced him to 121 months of incarceration, followed by five years of supervised release.
 
 
 7
 On appeal, Johnson argues that his conviction should be reversed because the District Court violated his Sixth Amendment right to confront Romero. Johnson also argues that the District Court committed reversible error by denying defense counsel's request for production of a Government witness's notes under the Jencks Act, 18 U.S.C. § 3500 (1988). We reject Johnson's first claim and find it unnecessary to decide his second claim.
 
 
 8
 Johnson's primary claim is that the District Court violated the confrontation clause of the Sixth Amendment by prohibiting defense counsel on cross-examination from attempting to impeach Romero's testimony with a prior inconsistent statement. Testifying against Johnson at trial, Romero stated that Johnson had proposed a trip to Virginia "[t]o make some money," and to that end had brought along a knapsack filled with drugs. Trial Tr. (Oct. 28, 1991) at 160, reprinted in J.A. 56. Defense counsel cross-examined Romero at length, but never sought to impeach her testimony by reference to her prior written statement answering "NO" to the question, "[D]o you know of any drug dealing by Johnson?"
 
 
 9
 Johnson now asserts that the District Court improperly prohibited defense counsel, on cross-examination, from impeaching Romero's trial testimony. Since counsel never moved to introduce Romero's prior inconsistent statement during cross-examination, and the District Court never ruled on any such motion, we will not pass on that issue for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). It is true that later, in a conference with the trial judge during redirect examination, defense counsel sought leave to conduct recross-examination in order to impeach the testimony given by Romero on redirect, but that later effort at impeachment involved a different portion of Romero's testimony that the District Court had ordered removed from the record, leaving nothing for defense counsel to seek to impeach. In sum, we reject Johnson's claim that his confrontation clause rights were violated.
 
 
 10
 Johnson also claims that the District Court violated the Jencks Act by refusing to examine, and to order the Government to produce, notes relied upon by the Government's expert witness, a forensic chemist, at trial. While the expert witness was testifying on cross-examination, defense counsel asked the witness a question about the methodology used to weigh the amount of cocaine found in the knapsack. The witness asked if he could refer to his notes, which the District Court allowed. Defense counsel then asked to see the notes as well, to which the trial judge responded, "No. You asked [the witness] a question. He wants to refer to his notes. He may refer to his notes." Trial Tr. (Oct. 28, 1991) at 123, reprinted in J.A. 45. The judge then told the witness: "Review your notes first, okay, and after you have finished reviewing your notes, he may choose to ask you to let him see your notes before you respond to the question...." Id. After the witness looked at the notes, the trial judge told defense counsel, "He has looked at those areas of the notes, and you may proceed however you deem appropriate." Id. Defense counsel chose to seek production of the notes only under the Jencks Act. He approached the bench and said, "I would make another Jencks request, please." Id. The District Court ruled that the notes were not producible under the Jencks Act. However, the trial judge said nothing to modify her previous ruling that counsel could, if he wished, examine the notes before the witness testified. We find it unnecessary to determine whether the District Court committed error, for even assuming the District Court improperly denied defense counsel's request under the Jencks Act, that denial was harmless error.
 
 
 11
 The District Court made it clear that defense counsel could have had access to the notes, but defense counsel failed to take advantage of the court's ruling. To be sure, the District Court denied defense counsel's request to see the notes before the expert witness used them to refresh his memory. But the District Court advised the witness that defense counsel might ask to see the notes after the witness had reviewed them; indeed, as just noted, once the witness had finished examining the notes, the District Court told defense counsel "you may proceed however you deem appropriate." Id. (emphasis added). Defense counsel at this point could have asked to inspect the notes under Federal Rule of Evidence 612, but he did not. See FED.R.EVID. 612 (permitting an adverse party to examine "a writing" used by a witness "to refresh [the witness's] memory for the purpose of testifying"). Rather, defense counsel requested only that the notes be produced under the Jencks Act. But given that defense counsel could have examined the notes under Rule 612, the District Court's denial of the Jencks Act request had no effect on appellant's right to see the notes. Moreover, counsel offers no explanation as to how the defendant was somehow prejudiced by the trial court's decision to allow him to examine the notes under Rule 612 but not under the Jencks Act. Finally, there is no Rule 612 violation presented for review, since the issue was not raised below, nor even mentioned by appellant's counsel before this court.
 
 
 12
 For the foregoing reasons, we affirm Johnson's conviction, and deny his request for a new trial.
 
 
 13
 So Ordered.